UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD TORRES,<br><br>    Defendant. | Criminal Case 23-mj-3180 |

### MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Edward Torres ("Torres") is charged by complaint with one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a) and (b). The government moved for pre-trial detention, invoking the presumption that applies when there is probable cause to believe that the defendant committed a controlled substances offense for which a maximum term of imprisonment of ten years or more is prescribed by statute. *See* 18 U.S.C. § 3142(e)(3)(A). The court held a hearing on the government's motion on December 18, 2023, and, at the conclusion of the hearing, took the government's motion under advisement.

The factors to be considered in determining whether to release or detain a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the

1

nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

In seeking pretrial detention, the government relies to a significant extent on the nature and circumstances of the offense. The government alleges that Defendant, along with Jose Mendez (Mendez), who stands indicted on one count of conspiracy to distribute fentanyl; two counts of distribution of, and possession with intent to distribute, fentanyl; one count of distribution of, and possession with intent to distribute cocaine; one count of distribution and possession with intent to distribute 40 grams or more of fentanyl; one count of possession of a firearm in furtherance of a drug trafficking offense; and one count of being a felon in possession of a firearm, were the co-leaders of a drug trafficking organization (DTO) in the greater Springfield area responsible for distributing large amounts of controlled substances. The government argues that the drug distribution activity in which Defendant was allegedly engaged poses a very substantial danger to the community. The government's investigation spanned some eleven months, during which time the government conducted eight controlled buys from the DTO. The government represented that it has evidence that Torres was directly involved in seven of those eight controlled buys, either as the individual who arranged the transaction and/or the individual who conducted the transaction. The government further represented that during its investigation it intercepted thousands of communications to which Torres was a party that were about distributing drugs. The government sought arrest warrants after Mendez traveled to Puerto Rico seeking to establish a new source for cocaine. While Mendez was in Puerto Rico, he was robbed and shot. Torres picked Mendez up at the airport when Mendez flew back to Boston and was driving Mendez around while Mendez was on the phone threatening people associated with the individual who robbed and shot him. When DEA agents surrounded them, Torres tried to

2

drive through the DEA vehicles to escape. He drove towards the agents and struck a vehicle. DEA agents found a forty caliber Glock under the driver's seat (occupied by Torres) when Torres and Mendez were arrested. In addition to the charge Torres presently faces in federal court, he also faces related charges in state court. He is being held by the Commonwealth on a $7,500 bail.

As to Defendant's personal characteristics, according to the pretrial services report, Defendant is a thirty-one-year-old man who has lived in Holyoke for his entire life. He has strong family ties in the area, including his mother and brother, two children from a marriage that has ended, and a significant other with whom he can live if released. Defendant has not worked for a legitimate employer for the last five years. He was, however, employed as a dishwasher, then as a prep cook, at 99 Restaurant and Pub in Springfield from 2013-2018, and, if released pending trial, can return to work at the restaurant, whose kitchen manager vouches for his work ethic (Exh. 1). He has no history of mental health concerns or substance use (other than daily use of marijuana). Defendant's criminal history is not extensive. He has convictions for breaking and entering with intent to commit a felony, one in the day and one at night, and destruction of property at ages 17 and 18, and convictions on two counts of possession of heroin in 2015. He violated probation in 2010 and served six months in the house of correction. Although he has had arrests in addition to those that resulted in convictions, there are no defaults reported on his record.

Torres does not dispute that the rebuttable presumption in the Bail Reform Act applies in this case. A defendant's evidence to rebut the presumption of pretrial detention "can include 'lack of criminal history, community ties, steady employment, family support and Probation's supportive recommendation.'" *United States v. Grove*, Criminal Action No 23-10202-FDS-1,

2023 WL 6142438, at *2 (D. Mass. Sept. 20, 2023) (quoting *United States v. Cross*, 389 F. Supp. 3d 140, 142 (D. Mass. 2019)). The defendant's burden of production is not heavy. *See, e.g., United States v. Ayala-Vega*, CRIMINAL NO. 23-00114 (RAM), 2023 WL 3559694, at *2 (D.P.R. May 19, 2023). The burden of persuasion remains with the government. Even when a defendant submits rebuttal evidence, however, the presumption of pretrial detention retains evidentiary weight. *See, e.g., United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). The burden of proof on risk of flight is by a preponderance of the evidence. The burden of proof on danger to the community is by clear and convincing evidence. *See, e.g., United States v. Galeano*, Criminal No. 09-cr-03-02-JL, 2009 WL 129958, at *1 (D.N.H. Jan. 16, 2009) (citing *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991)).

Torres has rebutted the presumption of pretrial detention. His criminal history is not extensive. He has strong ties to the community, including a supportive family and significant other and two young children living in the area and has identified a residence deemed suitable by the Probation Department. He does not have a record of recent steady employment, but he was steadily employed for some five years in a job to which he can return (Exh. 1). He has a supportive recommendation for pretrial release from the Probation Department. *See Grove*, 2023 WL 6142438, at *2. The court therefore turns to the question of whether the government has satisfied its burden of proof as to risk of flight and/or danger to the community.

a. Risk of flight.

The government has not shown by a preponderance of the evidence that Torres poses a risk of flight. While there is a potential for additional charges against Torres, the court is not aware that the single charge now pending against him carries a minimum mandatory sentence. Torres is a lifelong resident of Holyoke with strong family ties in this area, has no passport, and

has not been shown to have family or financial ties to any other jurisdiction or country. There is no evidence Torres has the financial resources to flee or connections to others who might assist him in fleeing from the jurisdiction. His criminal history shows seven arrests and no defaults. In other words, he has a history of appearing in court when required to do so. In these circumstances, the government has not shown by a preponderance of the evidence that Torres poses a risk of flight or nonappearance that cannot be addressed by conditions of pretrial release, including electronic location monitoring and a curfew, that will reasonably assure his presence in the jurisdiction and in court when required.

    b. Danger to the community

    1. Nature and circumstances of the offense

The government persuasively contends that the nature and circumstances of the offense support pretrial detention. The government represents that Torres was involved distributing large amounts of fentanyl and cocaine in the greater Springfield area. When Torres was arrested, DEA agents seized a loaded Glock from the vehicle Torres was driving and located another loaded firearm in a location associated with the DTO. According to the government, agents arrested Torres and Mendez on November 6, 2023, because, while Torres drove, Mendez was on the telephone threatening associates and family members of the man who had robbed and shot him. The illegal distribution of controlled substances, particularly when committed in conjunction with the possession of firearms, presents extreme danger to the community in the form of the use of controlled substances by purchasers and the potential for violence, including deadly violence, when a defendant uses a firearm in furtherance of drug trafficking. The risks are vividly illustrated by the government's allegations in this case. This factor weighs in favor of detention.

2. Weight of the evidence

The government represents that it has evidence that Torres was directly involved in arranging or participating in seven controlled buys. This is a Title III case, and the government represents that it has records of Torres being involved in thousands of communications concerning drug distribution. Even without an evidentiary hearing, the court is able to conclude that the government's evidence on the pending charge of distributing fentanyl is likely to be persuasive beyond a reasonable doubt. This factor also weighs in favor of detention.

3. The defendant's history and characteristics

Torres has no prior history of mental illness or substance use disorder. He has the support of members of the community, including his mother, brother, and significant other. According to the pretrial services report, he has maintained positive relationships with his two children from a prior relationship. His supervisor at the 99 Restaurant & Pub in Springfield wrote a supportive letter praising his work ethic. His criminal history is not extensive, does not include any arrests related to the use of firearms or any convictions for the distribution of narcotics that have not been vacated, and shows no defaults. There is no indication in the pretrial services report of gang involvement. He is willing to submit to a curfew and monitoring of his location, and his prior employer has indicated in writing that he is willing to give Torres a job while he is on pretrial release. This factor weighs to some degree in favor of release.

4. Seriousness of danger

"Congress has made it clear that an 'especially significant' danger to the community is the risk that the drug network will continue to function while defendant awaits trial." *United States v. Arroyo-Reyes*, 32 F.3d 561, at *4 (1st Cir. 1994) (unpublished) (quoting *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)). The government has alleged that Torres was a

leader, with Mendez, of the DTO. It was Mendez, however, who traveled to Puerto Rico to arrange for a new source for cocaine. Torres does not have a history of convictions for drug distribution, nor, given that his only probation violation occurred in or around 2010, does he have a significant history of failing to comply with conditions of release or probation. He has no prior firearms convictions, and, while the loaded Glock in the vehicle was found in his vicinity when he was arrested, it was not found on his person. There is no evidence before the court that Torres has the connections and ability to continue operating a drug network with Mendez under arrest. Through counsel, Torres has represented that the state court is prepared to release him pending trial on the single condition that he post a bond of $7,500. Acknowledging the presumption that someone in Torres's position poses a continuing danger to the community, the evidence before the court that Torres will continue to engage in trafficking in narcotics is on the thin side. *Compare, e.g., United States v. Jones*, Criminal No.: 4:23-cr-40002, 2023 WL 4196803, at *2 (D. Mass. Apr. 10, 2023) (affirming the magistrate judge's decision to detain the defendant pending trial based on "the defendant's past criminal history of illegal drug distribution, continued involvement with the criminal justice system, failure to comply with conditions of release during a prior supervised probation" and his questionable honesty during his interview with the Probation Department). Overall, taking into account that this is a predictive inquiry, this factor is neutral.

    c. Conditions of pretrial release

The court finds that there are conditions that will reasonably assure the safety of the community if Torres is released pending trial, including (but not limited to) home detention with a stringent curfew, no communications with Mendez except in the presence of counsel, or with any individual whom the government identifies as a potential witness, and full cooperation with

supervision by the Probation Department. A form of conditions of release is attached hereto as exhibit 1.

Dated: December 28, 2023

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge